# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2693

_____

Dennis Beasley,                                      *
                                                     *
           Appellant,                        *
                                                     *   Appeal from the United States
    v.                                       *   District Court for the
                                                     *   Eastern District of Missouri.
Arthur Keiper, III, Dr.; Nancy                       *
Schierding, MSN, RN;                                 *        [UNPUBLISHED]
Gail Baily, RN,                                      *
                                                     *
           Appellees.                        *

_____

Submitted: April 15, 2002

Filed:  May 31, 2002

_____

Before BOWMAN, RILEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

The District Court granted defendants' motion for summary judgment and entered a judgment against Dennis Beasley in Beasley's 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. Beasley has appealed. After full briefing and calendaring of the case for oral argument before this panel, the panel determined that oral argument would not be required. The parties were notified of the pending disposition of the case without oral argument. At about the same time, counsel for defendants informed the Court that defendants' insurer for the claims

arising in this action, PHICO Insurance Company, is subject to an order of liquidation issued by the Insurance Commissioner of the Commonwealth of Pennsylvania. Under that order, all cases involving PHICO are to be stayed. Counsel for defendants therefore requested a stay of this appeal.

The motion for a stay is denied. Though ordinarily we would defer to a state insurance commissioner's order with respect to cases involving an insolvent insurance company, we decline to do so here because none of the reasons supporting a stay has any application to the particular circumstances of this case. A judicial stay of a case involving coverage by an insolvent insurer essentially acts as a "time out" to allow the defendants an opportunity to make sure they continue to have insurance coverage, to see if the liquidator will decide to change counsel, and to reassess settlement. A stay also alleviates the concerns of defense counsel, who have no assurance they will be paid for their efforts when the insurance company that hired them is in liquidation. Moreover, a stay also holds matters in place for the relevant state authorities as they perform their duties, including "handing off" appropriate cases to authorities in other states.

In this case, however, all the work of defense counsel already has been done. As previously mentioned, the case is fully briefed, is ready for decision without oral argument, and is easily affirmable. There are no additional expenses chargeable to PHICO, or to anyone else for that matter, to be incurred,[1] and further processing by the relevant state authorities of claims against PHICO will in no way be impeded by our affirmance of the District Court's decision in this case. We therefore see no reason for granting the requested stay. In fact, we think that by proceeding to judgment we will better serve the interests of the parties, of counsel, and of the

---

[1]Though Beasley may seek rehearing or rehearing en banc, given the "slam dunk" nature of this appeal we deem it most unlikely that defense counsel would be required to respond. If they were, a stay perhaps would be in order at that point.

various state insurance commissions that may be involved in winding up PHICO's affairs.

Turning to the merits of the appeal, our study of the record reveals that Beasley was given extensive treatment designed to address his serious medical needs. We therefore are satisfied that, as a matter of law, Beasley's evidence is incapable of establishing an Eighth Amendment deliberate-indifference claim and that summary judgment for defendants was correctly granted. The essential facts are adequately set forth in the District Court's well-reasoned opinion, and it would serve no useful purpose to repeat them here. Without further discussion, we affirm the judgment of the District Court. <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.